UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SERGEANT JAMES STANLEY,

        Plaintiff,

v.

MACOMB COUNTY,
SHERIFF ANTHONY M. WICKERSHAM,
SCOTT MCKEE,

        Defendants.
                            /

Case No. 17-12800

HON. AVERN COHN

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. 11)

### I. INTRODUCTION

This is a §1983 (First Amendment) case. Plaintiff, Sergeant James Stanley ("Stanley"), a Macomb County Sheriff's Department Sergeant, is suing Macomb County, Sherriff Anthony Wickersham, and Captain Walter Zimny (collectively, "defendants") for violating his First Amendment right to association. Stanley says that his demotion was an act of retaliation for his support of David Willis' 2012 campaign for the position of Sheriff.

The decision to demote Stanley was the subject of an arbitration. The arbitrator held that Stanley's demotion was too harsh of a punishment. The arbitrator reinstated Stanley to his former position and awarded him back-pay (Doc. 11-11, Ex. 10). Consequently, the issue in this case is whether Stanley can establish a causal connection between defendants' disciplinary decision(s) and his protected First Amendment activities.

Currently before the Court is defendants' motion for summary judgment (Doc. 11). For the reasons that follow, the motion is GRANTED.

## II. BACKGROUND

Stanley was hired as a Macomb County corrections deputy in 2002 and stationed at the Macomb County Jail. Between 2010 and 2012, Stanley contributed to David Willis' 2012 campaign for the position of Sheriff. He supported Willis' campaign on three separate occasions: (1) he contributed $300 to the campaign, (2) he went door-to-door for a short period of time, and (3) he attended a golf outing that supported Willis' campaign.

David Willis' campaign was unsuccessful, and Wickersham was elected Sheriff. After the election of Wickersham, one of Stanley's fellow officers was promoted to Sergeant in 2013. Stanley says that he was "passed over for the promotion." However, the other officer had 8 more years of experience than Stanley and had the top score on a job-related competency test.

Also in 2013, a Sergeant assigned to the Macomb County jail retired; his position was not filled. Instead, Wickersham used the funds from the open position to create an administrative position. Stanley says that he should have been given the vacant position.

In 2015, Wickersham promoted Stanley to Sergeant. In 2016, an internal affairs investigation established misconduct by Stanley;[1] and he was demoted from sergeant to corrections deputy. Stanley appealed this decision to arbitration pursuant to the collective bargaining agreement. The arbitrator affirmed the finding that misconduct occurred, and that punishment was warranted; but she held that the demotion was

---

[1] The internal affairs investigation related the mistreatment of an inmate at the jail. Stanley was present during the incident and was in charge of tape-recording officer interactions with the inmate. However, Stanley failed to tape the interactions and/or the mistreatment of the inmate and was found to have committed misconduct.

unreasonable (and disproportionate).² Stanley then filed the present lawsuit, saying that the reasons he was unfairly punished was because Wickersham was retaliating against him for contributing to the Willis campaign.

### III.    LEGAL STANDARD

A motion for summary judgment will be granted if the moving party demonstrates that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986)). In doing so, the Court "must view the evidence in the light most favorable to the non-moving party." Emp'rs Ins. of Wausau v. Petrol. Specialties, Inc., 69 F.3d 98, 101–02 (6th Cir. 1995). "Circumstantial evidence, *like the timing of events or the disparate treatment of similarly situated individuals*," should be considered. Thaddeus-X v. Blatter, 175 F.3d 378, 399 (6th Cir. 1999) (emphasis added).

---

² The arbitrator compared Stanley's misconduct and punishment with that of another, less-experienced sergeant that was present during the incident and found that the decision to demote Stanley was disproportionately harsh.

3

## IV.   APPLICABLE LAW

An employee's First Amendment retaliation claim "must demonstrate that: (1) he [or she] engaged in constitutionally protected speech or conduct; (2) an adverse action was taken against him [or her] that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two." Scarbrough v. Morgan County Bd. Of Educ., 470 F.3d 250, 255 (6th Cir. 2006).

To prove the third element, a "plaintiff must produce enough evidence of a retaliatory motive such that a reasonable juror could conclude that the adverse employment action would not have occurred but for his engagement in protected activity." Dye v. Office of the Racing Com'n, 702 F.3d 286, 305 (2012) (quoting Eckerman v. Tenn. Dep't of Safety, 636 F.3d 202, 209 (6th Cir. 2010) (internal quotes omitted).  This showing may be made "through direct or circumstantial evidence, including showing temporal proximity between engaging in protected activity and suffering an adverse employment action that may create an inference of causation." Id.

The Sixth Circuit has said that temporal proximity is significant if "the adverse employment action occurred within a matter of months, or less, of the protected activity." Id.  In contrast, the Sixth Circuit has stated that "[a] lapse of more than two years between the protected activity and the adverse employment action is simply insufficient to show a causal connection based solely on a temporal-proximity theory." Id. (citing Dixon v. Gonzales, 481 F.3d 324, 334 (6th Cir. 2007)).

4

## V. DISCUSSION

Defendants have conceded that the first two elements of Stanley's claim can be satisfied. However, Defendants dispute that Stanley can establish any causal link between his protected activity and the decision to demote.

Stanley cannot maintain this action solely based upon temporal proximity. The 2013 decision to promote another individual that was more qualified was not an adverse employment action. Additionally, the 2013 decision not to fill a vacant position that Stanley happened to be qualified for was also not an adverse employment action. Thus, the only adverse employment action took place in 2016, which was the "harsh" decision by Wickersham to demote Stanley for his misconduct. Because this adverse action took place approximately 4 years after Stanley's protected conduct, he must show direct or circumstantial evidence that his campaign contributions were the motivating factor behind his demotion.

Stanley says that his campaign contributions were a matter of public record, so Wickersham had, or could have had, knowledge of his protected conduct. But knowledge of protected conduct is not enough. Stanley must present evidence that this potential knowledge had some impact on the decision to demote him.

Therefore, Stanley's claim lives or dies with his last argument, which is that fellow officers that supported Wickersham's campaign have been treated more favorably regarding similar misconduct. Stanley points to the disproportional treatment of two sergeants, "Sergeant Rumps" and "Sergeant Ash."

As to Rumps, although the arbitrator found that Stanley was disproportionately treated, there is no evidence that Rumps contributed to Wickersham's campaign.

5

Furthermore, Rumps was not guilty of similar misconduct and was less experienced than Stanley. Thus, Rumps fails as a comparable for the purposes of proving a discriminatory motive.

As to Ash, there is evidence that Ash contributed to the campaign of Wickersham. There is also evidence that Ash was charged with similar misconduct; failure to record movement of an unruly inmate.[3] However, Ash's misconduct only resulted in two rule violations. In contrast, Stanley's misconduct resulted in six rule violations. Thus, proffering the treatment of Ash cannot, by itself, establish disparate treatment because there was a correlated disparity in the severity of misconduct.

Lastly, Stanley makes passing mention of the promotion of Maria Balsama ("Balsama") to the rank of "Sergeant 1." Stanley says that the promotion of Balsama was an adverse employment action because she had less seniority and lower test scores than Stanley. However, the decision to promote Balsama was made during the time that Stanley was subject to a demotion and was arbitrating his punishment. Logic dictates that the reason Stanley was not promoted was because he was currently demoted, and therefore not qualified for the position, nor similarly situated to Balsama. There is no evidence to link Balsama's promotion to any sort of discrimination.

Examining all the evidence in the light most favorable to Stanley, there is insufficient evidence to establish that Stanley's 2012 First Amendment activities related to the decisions to demote him. It is a plaintiff's burden to prove that there is some evidence of a causal connection, and here, Stanley has no evidence to support that (1) Wickersham had actual knowledge of his 2012 campaign-related activities, (2) a

---

[3] MCSO General Order 5.37 – Video Recording Equipment.

temporal proximity suggests retaliation, or (3) similarly situated employees were treated differently based on their 2012 campaign activities. Because Stanley has failed to show that a causal connection exists between his 2016 demotion and his 2012 campaign contributions, and there are no genuine issues of material fact, his claims fail as a matter of law. To hold otherwise would invite litigation in every instance where an employee can offer evidence of a protected association and point to an unrelated adverse employment action.

## VI. CONCLUSION

For the reasons stated above, the motion for summary judgment (Doc.11) is GRANTED.

SO ORDERED.


s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: 11/8/2018